## LYNCH *vs.* HICKS.

If one was indebted to another, and made two promissory notes payable to the order of the creditor as evidence of such indebtedness, and the latter signed the notes as security, intending to negotiate them, and upon being informed that they were not in proper form for negotiation, erased his signature and endorsed the notes, this was not a material alteration affecting the liability of the maker, and did not render the notes void in the hands of the indorsee.

October 15, 1887.

Debtor and creditor.   Promissory notes.   Negotiable instruments.   Fraud.   Principal and surety.   Before Judge MARSHALL J. CLARKE.   Fulton superior court.   March term, 1887.

Reported in the decision..

J. H. SMITH, for plaintiff in error.

C. J. SIMMONS, *contra.*

BLANDFORD, Justice.

Hicks instituted two actions in a justice's court against J. T. Lynch, upon two promissory notes for $55 each.   The notes were made payable to the order of H. Linch, and were signed by J. T. Lynch, and "H. Linch, security." H. Linch undertook to negotiate them at a bank, but was informed that they were not in proper form, and the bank declined to discount them.   H. Linch then erased his name as security upon the notes, and endorsed them to Hicks, the defendant in error.   Hicks brought his action on the notes, and the justice rendered judgment in favor of Hicks, and thereupon an appeal was sued out to the superior court.   On the trial in the superior court, a great deal of evidence was introduced as to whether the notes were the notes of H. Linch or J. T. Lynch, J. T. Lynch contending that he merely signed the notes for the accommodation of H. Linch, that Hicks was a clerk of H. Linch, and was present at the time the notes were given and knew all about it.   This was denied by H. Linch and also by Hicks, and a great deal of evidence was introduced on that point. It was contended that the alteration of the notes by the striking of the name of H. Linch from the notes as security, was such an alteration as rendered them void.   The jury found for the plaintiff, Hicks; and thereupon Lynch moved for a new trial, upon the grounds that the verdict was contrary to law, evidence and the charge of the court.

No complaint was made as to any ruling of the court below.

If these were the notes of J. T. Lynch, if he was indebted to H. Linch and gave them to him as evidence of that indebtedness, and H. Linch signed the notes as security, intending to negotiate them, his striking his name from them as security was not a material alteration. He had a right to do it. It was no fraud upon J. T. Lynch. If he was indebted to H. Linch upon the notes, it did not increase his liability.

The whole case comes at last to whether the verdict was contrary to the evidence. The evidence upon every issue in the case was conflicting and irreconcilable. Its weight was a question exclusively for the jury; and the jury having found for the plaintiff, and the court below being satisfied to allow that verdict to stand, we do not feel authorized to interfere with the judgment overruling the motion for a new trial; and the judgment is therefore affirmed.